# CHESHIRE,

## JANUARY TERM, A. D. 1846.

### STEWART v. PLATTS.

Upon a receipt taken for property attached, a demand is sufficient if made by any officer having an execution recovered in the suit, and also holding the receipt itself for the purpose of enabling him to demand and receive the property.

If judgment be rendered on the 16th of April, a demand of the property bailed is seasonable if made on the 16th of May next following.

A payment of the judgment by the debtor, pending an action on the receipt, is no bar to the same.

ASSUMPSIT, founded on a receipt dated April 30, 1842, given by the defendant to the plaintiff, a deputy sheriff, for certain articles of personal property which had been attached by the plaintiff on two writs in favor of Ezekiel P. Pierce against one Reuben Porter.

One of the actions on which the property was attached was entered, and judgment obtained in favor of Pierce against Porter; execution was issued on the 18th of April, 1844, and was delivered to one Asa Marsh, a deputy

sheriff, to be collected. The term commenced on the 2d day of April, 1844, and terminated on the 16th of the same month. It appeared in evidence that Marsh, on the 16th day of May, 1844, having the execution and receipt in his possession, made a demand of the defendant for the delivery of the property described, and that the defendant did not deliver the same.

The writ in the present case was made and served on the 16th of September, 1844, returnable at the October term following; was duly entered at that term, and continued. On the 30th of September, 1844, the judgment debtor paid the amount of the execution, Pierce *v.* Porter, to Marsh, the sheriff. There was no evidence of any offer by the defendant Platts, or by any other one, to pay the costs of the present suit, nor of any demand for the same.

The defendant excepted to the sufficiency of the plaintiff's evidence : 1st, because the demand on the receipt was not made by the proper person, having been made by Marsh instead of Stewart; 2d, because the demand was not made within the time prescribed by law; and 3d, because the satisfaction of the execution operated as an extinguishment of the plaintiff's claim in this suit.

A verdict was taken, by consent, for the plaintiff, for nominal damages, and costs to be taxed; judgment to be entered on the verdict, or the verdict to be set aside, and judgment entered for the defendant, as the opinion of the court may be upon the foregoing case.

GILCHRIST, J. The receipt upon which this action is brought binds the defendant to deliver the property described in it, upon demand. But this demand need not be made by the plaintiff personally. An agent duly constituted may do it for him. The delivery of the receipt to Marsh, who also had in his hands the execution, was an act sufficient to prove him to be the agent of the plaintiff for that purpose; (2 Gr. Ev., sec. 65;) especially as the goods

were bailed for the express purpose for which they were required and demanded by Marsh.

The judgment which Pierce recovered against Porter, for the security of which the chattels were attached, was rendered on the 16th day of April, and the numeration of the thirty days, for which the attachment was preserved, began, therefore, on the 17th, and finished with the 16th of May following. The demand, having been made on that day, was seasonable. Rev. Stat., ch. 1, sec. 25.

The officer—the plaintiff in this case—had a right of action, then, against the defendant at the time the action was commenced. Nothing has since occurred to defeat it. He was obliged to receive of the judgment creditor the amount due on the execution, and had no claim upon him for the costs of the present suit. The payment of the execution was properly considered in the question of damages, but beyond that it had no legitimate effect to defeat a cause of action existing at its commencement. There must, therefore, be

*Judgment on the verdict.*